■ MIGUEL R. RIVERA, an Infant, by His Guardian ad Litem, ELENA R. SOLAREZ, et al., Respondents, v. CITY OF NEW YORK, Defendant, and NEW

YORK CITY HOUSING AUTHORITY et al., Respondents. IVY K. BLECHER et al., Appellants.— Order, entered July 9, 1964, fixing the fee of attorneys in personal injury negligence action, unanimously reversed, on the law, on the facts, and in the exercise of discretion, and the matter remanded to the Trial Justice for reconsideration, without costs or disbursements to any party. On this appeal, in which there has been no opposition, it would appear prima facie that the fee allowed of $6,000 on a settlement recovery of $60,000 for an infant plaintiff was perhaps lower than it should have been. However, there is no fixed ratio in the fixation of fees in tort actions when infants are involved, and there ought to be none. There are many circumstances, apart from the court rules, applicable to fees in personal injury cases, which might have justified the fee allowed. In the absence of any reason stated by the Trial Justice it would not be appropriate to revise the fee. Consequently, the better practice is to remand the case to the Trial Justice with authority to reconsider the fee allowed and for him to state the factors he considered in determining the fee. In so doing, there is no suggestion that the Trial Justice is obligated to change his prior determination. But, on the other hand, he should also feel quite free to adjust it if after further consideration he believes it appropriate. The factors involving the merits of the case, the contribution made by the lawyers, the propriety of such contribution, and any other elements which may be determined to be relevant should be considered. A precedent in which a Trial Justice fixed the fee for the lawyer representing two injured infants and explained the basis upon which the fees were fixed is *Siganoff* v. *Metropolitan Distributors* (111 N. Y. S. 2d 21, 22–24). In that case two children were involved, the fee was allocated between them and therefore resulted in the application of separate percentages. (See, also, Ann.: Attorney's Compensation — Amount, 56 ALR 2d 18, 170–172.) Concur — Breitel, J. P., Rabin, Valente, McNally and Stevens, JJ.